# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620

October 20, 2021

**VIA ECF**
Honorable Magistrate Judge Debra Freeman
Daniel Patrick Moynihan
500 Pearl St.
New York, N.Y. 10007

Re: <u>Edgar Omar Paddilla, et, al. v. Sushi Gama Corp., et al.</u>
　　19-cv-5629

Dear Judge Freeman:

　　This office represents the Plaintiffs in the above referenced matter. Plaintiffs write, jointly with Defendants as to Section I below, to submit this letter setting forth our views on why the Court should approve the agreed-upon settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties have agreed to a negotiated settlement agreement ("the Agreement") after extensive settlement discussions. A Countersigned copy of the Agreement is attached hereto as Exhibit A.

　　Plaintiffs allege that they were employed by Defendants at Defendants' Manhattan Japanese restaurant. Plaintiffs brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"). Plaintiffs allege that Defendants engaged in numerous violations of the FLSA and NYLL, including failure to pay appropriate minimum and overtime wages and failure to provide statutorily-required wage statements and wage notices. Defendants have denied these allegations and assert several affirmative defenses.

　　**I.　　The Proposed Settlement is Fair and Reasonable**

　　Under the Agreement, Defendants will pay $15,000.00 to settle all claims. This settlement amount will be paid in five installments in the amount of $3,000.00 each. The first installment is due on or before October 30th or after the Court approves the Agreement. All remaining installments are due on a monthly basis beginning on November 30th 2021 and continuing thereafter in preceding monthly installments until February 28, 2022. Each installment shall consist of one check, made payable to "Michael Faillace & Associates, P.C. as attorney for Plaintiffs."

　　Plaintiffs allege that they are entitled to back wages from Defendants in the amount of approximately $33,427.50. Plaintiffs estimate that if they had recovered in full for their claims, exclusive of attorney's fees, they would be entitled to approximately $159,897.05. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached hereto as Exhibit B.

October 20, 2021
Page 2

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Significantly, Defendants vigorously contested all of Plaintiffs' substantive allegations, contesting the number of hours allegedly worked by Plaintiffs.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is fair and should be approved. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### II.     Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiffs' counsel will receive $5,576.00 from the settlement fund as attorneys' fees and costs. This represents remuneration of the filing fee incurred in filing of the Complaint and service of process, plus one third of the remainder of the recovery in this litigation. This is a reduction in fees from the provisions of Plaintiffs' retainer agreements, which provide that forty percent of Plaintiffs' recovery will be retained by the firm. The lodestar amount, as reflected on the invoice attached hereto as Exhibit C, is $13,366.25 plus $576.00 in costs.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of individuals who performed billed work on behalf of Plaintiffs in this matter, including the effective billable rate which the parties' request that the Court apply should the Court undertake a "lodestar analysis of the fairness of such fees (*see*, e.g, *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007):

    i.     Michael Faillace, Esq. ("MF"), the Managing Member of Michael Faillace & Associates, P.C., has been in practice since 1983. From 1983 to 2000,

   he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work is billed at the rate of $450 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. *See*, e.g., *Manley v. Midan Rest. Inc.*, No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

   ii.  Joshua Androphy was a senior attorney at Michael Faillace & Associates, P.C. His time is billed at an hourly rate of $400.00. This was his standard rate for matters on which his work was billed at an hourly rate. Mr. Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, Mr. Androphy developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, Mr. Androphy was responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court. Mr. Androphy was named a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, 2018, and 2019 for employment litigation. He served as lead trial attorney on over twenty wage and hour trials in federal court since joining Michael Faillace & Associates, P.C. His work is indicated by the initials "JA."

   iii.  Kevin S. Johnson was an associate at Michael Faillace & Associates, P.C. He graduated from New York Law School in 2011. He practiced as an associate at Rosenbaum & Rosenbaum, P.C. and Georgaklis & Mallas, PLLC. before joining Michael Faillace & Associates, where he worked in labor and employment law, with a focus on FLSA litigation. His work was billed at the rate of $375 per hour and indicated by the initials "KSJ."

   iv.  I, Catalina Sojo ("CS"), graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. I received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019 and was admitted to the New York State Bar on August 2020. Prior to joining Michael Faillace & Associates in June 2020, I focused my practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at ViacomCBS. My work is billed at a rate of $350 per hour.

October 20, 2021
Page 4

        v.      Jorge Rivas ("PL") is a paralegal at Michael Faillace & Associates, P.C. He graduated from the University at Albany in May 2010 with a Bachelor of Arts in Political Science and joined the firm of Michael Faillace & Associates in May 2016. Mr. Rivas' work is billed at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. *See*, e.g., *Manley*, *supra*, Doc. No. 42, at *37; *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015).

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                              Respectfully submitted,

                              /s/ Catalina Sojo
                              Catalina Sojo, Esq.

Enclosures

cc: Defendants' Counsel (via ECF)